JAMES MARION WALDROP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waldrop v. Commissioner
Docket No. 1031-76.
United States Tax Court
T.C. Memo 1977-190; 1977 Tax Ct. Memo LEXIS 250; 36 T.C.M. (CCH) 780; T.C.M. (RIA) 770190; June 21, 1977, Filed James Marion Waldrop, pro se. Maurice W. Gerard, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1973 of $598.72. The sole issue for decision is whether petitioner is entitled to a deduction under section 162(a)(2) [1] for travel expenses incurred while "away from home." FINDINGS OF FACT At the time of the filing of the petition herein, petitioner resided in Landrum, South Carolina. Petitioner filed his Federal income tax return for the *251 taxable year 1973 with the Director, Internal Revenue Service Center, Chamblee, Georgia. Petitioner's family has lived in the State of South Carolina since petitioner's progenitor, James Waldrop, received a Royal Land Grant in South Carolina in 1772. Prior to, during and after the year in issue, petitioner maintained his home in Landrum, South Carolina. In October 1972, petitioner obtained a job as a carpenter with Duke Power Company (hereinafter sometimes referred to as Duke) to work on the construction of the McGuire Nuclear Power Plant (hereinafter sometimes referred to as McGuire) which was located 16 miles from Charlotte, North Carolina.Petitioner had previously worked as a speech writer, a writer for radio and television news shows, an advertising salesman and a carpenter. Petitioner obtained employment as a carpenter when work was not available in his chosen field of writing. As a practical matter, petitioner was not physically able to perform carpentry work for a prolonged period of time because he had polio as a child which resulted in considerable atrophy of the muscles of the right leg, and his physical condition would not permit him to do strenuous work for a prolonged *252 period of time. At the time petitioner took the job, he was told the entire project would take seven years to construct, but most of the carpentry work would be completed in two years. The superintendent of carpenters expressed concern over petitioner's physical ability to perform carpentry work prior to the time petitioner started the job, but decided to employ petitioner nevertheless. Duke offered petitioner an opportunity to be reimbursed for moving expenses he would incur in relocating to the job site. Petitioner, however, regarded the job as a temporary position and chose not to relocate. Instead, he rented a room in a trailer with other temporary employees at the job site. Petitioner terminated his employment with Duke in April 1974, because he was forced to work nights and do steel work. Petitioner felt working nights was dangerous and he was not physically able to do the steel work. During the year 1973, petitioner, while working at McGuire, incurred expenses for meals, travel and lodging in the amount of $3,190. Petitioner deducted this amount on his 1973 Federal income tax return as a business expense. Respondent, in the statutory notice of deficiency, disallowed *253 the deduction on the basis that the expenses in question were incurred during a period of employment while "away from home" for an indefinite period of time. OPINION On October 3, 1972, petitioner was hired by Duke to work at McGuire as a carpenter. At the time petitioner was hired, he was maintaining a residence in Landrum, South Carolina. His principal occupation was that of a speech and news writer, but since he could not find employment in that area, he took the job as a carpenter. Duke offered petitioner the opportunity to be reimbursed for relocating in the vicinity of McGuire. He declined that offer because he did not expect to be employed by Duke for an extended period of time. Petitioner continued to maintain his residence in Landrum. Petitioner was employed at McGuire until April 4, 1974, when he voluntarily discontinued his employment with Duke. In 1973, petitioner expended $3,190 for his meals and lodging at McGuire and travel between McGuire and Landrum, which he deducted on his Federal income tax return for the year 1973 as a business expense. The sole question is whether such expense was incurred by petitioner while "away from home." Section 162(a)(2) provides, *254 as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *
To qualify for a deduction under this section, the following three conditions must be met: (1) the expenses must have been ordinary and necessary; (2) the expenses must have been incurred while taxpayer was "away from home"; and (3) taxpayer must have incurred the expenses in pursuit of his trade or business. , rehearing denied, . The issue in this case is whether petitioner, at the time the expenditures were incurred, was "away from home." This Court has held that "home" as used in section 162(a)(2) means the taxpayer's principal place of employment and that a taxpayer may not keep his residence at a point where he *255 is not engaged in a trade or business and take a deduction for traveling expenses while "away from home." , affg. a Memorandum Opinion of this Court; . An exception to this rule is applicable when a taxpayer who maintains a residence at one location accepts employment away from the vicinity of his residence, the duration of which is temporary, as distinguished from indefinite. , affg. . Temporary employment is the type in which termination within a short period of time is foreseen. . Even if it is known that a particular job may or will terminate at some future date, that job is not temporary if it is expected to last for a substantial or indefinite period of time. , affd. . The determination of whether a job is temporary or indefinite depends upon all the facts and circumstances of the particular *256 case. In this case, the record substantiates petitioner's claim that his job at the McGuire Nuclear Power Plant was to be of temporary duration. It is immaterial that the construction for the plant might go on over a period of seven years or even more due to the delays which have ensued in the construction of nuclear power plants. Petitioner's contacts with Landrum were substantial. He resisted moving to the work site as he regarded his position there as temporary. His family had lived in South Carolina for generations. He returned home every weekend to buy groceries for his family. He maintained his home on a permanent basis prior to, during and after the year in issue. The petitioner sought work as a carpenter.His prior work experience was primarily in the field of writing speeches and writing radio and television news shows, and there is no evidence of any intention on his part to undertake carpentry work on a permanent basis. At the time, petitioner's primary occupation was that of a news and speech writer. He was out of a job and took construction work because that was all that was available to him. Although petitioner could well have been employed at the McGuire Nuclear *257 Power Plant for a period for as long as seven years, if he had been willing and physically able to take other types of construction jobs while there, such was not the intention of the petitioner when he obtained employment. For that reason he chose not to move to the area of the plant, and when the nature of his job changed, he promptly quit and returned to Landrum and resumed his normal occupation as a writer. The Court finds this case, on its facts, indistinguishable from two recent cases. See and .Although generally memorandum decisions should not be relied on as precedents, the Court nevertheless seeks to treat taxpayers alike. Consistency would require that the petitioner's employment in this case be considered temporary and he likewise be permitted to deduct living expenses and travel expenses while working at the McGuire Nuclear Power Plant under section 162(a)(2). Decision will be entered for the petitioner. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩